UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANCES MENZIE, *et al.*,

        Plaintiffs,

vs.

Case No. 12-cv-14851
HON. GERSHWIN A. DRAIN

NATIONAL RAILROAD PASSENGER, *et al.*,

        Defendants.

_____/

**ORDER STRIKING MOTION TO INTERVENE [#21], STRIKING VERIFIED MOTION COUNTERCLAIM [#30], MOTION FOR SUMMARY JUDGMENT [#32] AND ALL FILINGS SUBMITTED BY GLEEOR, INC AND REQUIRING THIRD PARTY DEFENDANT GLEEOR, INC. TO OBTAIN COUNSEL BY MAY 30, 2013 AND SETTING HEARING FOR MAY 30, 2013 AT 10:00 A.M.**

Plaintiffs filed the instant action alleging that they sustained injuries as a result of Plaintiff, Lovelle Menzie's, slip and fall on the platform of Defendant, National Railroad Passenger Corporation, d/b/a Amtrak's ("Amtrak") train station in Birmingham, Michigan on February 23, 2011. On March 28, 2013, this Court granted Amtrak's Motion for Permission to File Third Party Complaint against Gleeor, Inc., which entered into a snow removal contract with Amtrak, for breach of contract/indemnity and contribution. Amtrak filed its Third-Party Complaint on March 29, 2013 and the summons was issued on April 2, 2013.

Presently before the Court is Gleeor, Inc.'s Motion to Intervene and Counterclaim, filed on April 2, 2013. Gleeor, Inc. has also filed a "Verified Motion Counterclaim" and a Motion for Summary Judgment, both filed on April 25, 2013. All of Gleeor Inc.'s filings have been submitted

-1-

by the President of Gleeor, Inc., Gloria Ann Surles.  Both Amtrak and Plaintiffs have filed responses to Gleeor Inc.'s filings and a hearing was held on May 15, 2013.  For the reasons that follow, the Court STRIKES all of Gleeor Inc.'s motions because they were filed in contravention of this circuit's requirement that a corporation appear by counsel.  *See Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984); *see also Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970) ("An officer of a corporation, who is not a licensed attorney, is not authorized to make an appearance in this Court on behalf of the corporation.").

One of the policy reasons for requiring corporate entities to appear by counsel rather than a non-lawyer, corporate officer is that non-lawyers do not have the legal training necessary to protect the various interests of the corporate entities, as well as due to the resulting burdens imposed on the opposing party as well as the Court.  This Court has previously noted that:

> the conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents but as well for his adversaries and the court.  The lay litigant frequently brings pleadings that are awkwardly drafted, motions that are inarticulately presented, proceedings that are needlessly multiplicative.  In addition to lacking the professional skills of a lawyer, the lay litigant lacks many of the attorney's ethical responsibilities , e.g., to avoid litigating unfounded or vexatious claims.

*Bischoff v. Waldore*, 660 F. Supp. 2d 815 (E.D. Mich. 2009) (quoting *Jones v. Niagara Frontier Transportation Authority*, 722 F.2d 20, 22 (2d Cir. 1983)).  Here, a review of Gleeor Inc.'s present filings, which are "awkwardly drafted" and present arguments that are "needlessly multiplicative" demonstrates the need for Gleeor, Inc. to appear by counsel.

Accordingly, for the reasons stated above, Third-Party Defendant, Gleeor, Inc.'s Motion to Intervene [#21], Verified Motion Counterclaim [#30] and Motion for Summary Judgment [ #32]are HEREBY STRICKEN.  Additionally, Third-Party Defendant Gleeor, Inc.'s Response [#22],

Answer to Third-Party Complaint [#23], and Response [#31] are likewise STRICKEN.

Third-Party Defendant Gleeor, Inc. is hereby ORDERED to obtain counsel by May 30, 2013. The parties shall appear for a hearing on May 30, 2013 at 10:00 a.m. **Gloria Ann Surles, President of Gleeor, Inc., shall appear at the hearing with counsel. If Ms. Surles is unable to obtain counsel by the deadline set forth in this Order, she is still required to appear at the May 30, 2013 hearing. The Court hereby advises Ms. Surles that failure to obtain counsel may result in entry of default judgment against Gleeor, Inc.**

SO ORDERED.

Dated: May 15, 2013      /s/Gershwin A Drain
　　　　　　　　　　　　　GERSHWIN A. DRAIN
　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served
upon attorneys of record on
May 15, 2013, by electronic mail
and on Gleeor Inc., c/o Gloria Ann Surles,
by regular mail at 7555 Chrysler Drive, Detroit, MI 48221.

/s/ Tanya Bankston
Deputy Clerk